UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

---

**JUSTIN GOLDMAN,**
Plaintiff,

v.

**PHILADELPHIA 76ERS, L.P.,**
**HARRIS BLITZER SPORTS & ENTERTAINMENT LLC,** and
**ALAA ABDELNABY,**

Defendants.

Civil Action No. _____

---

**COMPLAINT**

Plaintiff Justin Goldman, proceeding pro se, alleges as follows:

---

**NATURE OF THE ACTION**

1. This is an action for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101 et seq., arising from Defendants' unauthorized public display and continued exploitation of Plaintiff's copyrighted photograph in connection with professional sports media commentary.
2. Defendants publicly displayed Plaintiff's photograph without license, authorization, or permission through a social media post published by Defendant Alaa Abdelnaby while acting in his professional capacity as a branded Philadelphia 76ers color analyst.
3. The infringement occurred in a commercial, professional sports-media context and conferred reputational and promotional benefit on the 76ers and their affiliated entities.
4. Despite notice, the infringing image remains publicly accessible, constituting ongoing and willful infringement.

---

**JURISDICTION AND VENUE**

5. This action arises under the Copyright Act, 17 U.S.C. § 101 et seq.

6. The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).
7. Venue is proper in this District pursuant to 28 U.S.C. § 1400(a) because Plaintiff resides in this District and a substantial part of the harm occurred here.

## THE PARTIES

8. Plaintiff Justin Goldman is a professional photographer and the owner of the copyrighted photograph at issue.
9. Defendant Philadelphia 76ers, L.P. ("76ers") operates a professional NBA franchise and engages in nationwide commercial media, promotional, and broadcasting activities.
10. Defendant Harris Blitzer Sports & Entertainment LLC ("HBSE") owns and controls the 76ers and directs their business and media operations.
11. Defendant Alaa Abdelnaby is a professional sports broadcaster and, at all relevant times, served as a publicly branded 76ers color analyst covering 76ers games.

## FACTUAL ALLEGATIONS

### Plaintiff's Copyrighted Work

12. Plaintiff is the author and exclusive owner of a well-known photograph depicting Tom Brady (the "Photograph").
13. The Photograph is protected by a valid United States copyright registration, Registration No. VAU001250526.
14. The Photograph constitutes original copyrightable subject matter.

### Defendants' Unauthorized Public Display

15. On or about July 2, 2016, Abdelnaby publicly posted and displayed the Photograph on his Twitter/X account.
16. The Photograph was fully rendered and visible to the public.
17. The Photograph was not merely linked or referenced; it was directly displayed and publicly communicated.
18. The post used the Photograph as the centerpiece of professional sports commentary identifying NBA executives and ownership figures.
19. Plaintiff never licensed or authorized this use.

### Professional Capacity and Agency

20. At the time of the infringement, Abdelnaby served as a 76ers color analyst, a professional sports media role directly tied to the 76ers organization.
21. His role was publicly branded and promoted as an official 76ers analyst.
22. His credibility, audience, and media presence derived value from that affiliation.
23. The infringing post concerned professional sports matters consistent with his analyst responsibilities.
24. The post was not personal or private content, but professional sports commentary made while holding himself out as a 76ers analyst.
25. Upon information and belief, the 76ers and HBSE had the right and ability to supervise, restrict, or require removal of infringing content associated with their branded analyst.
26. The 76ers and HBSE benefited commercially and reputationally from Abdelnaby's professional media activities and public reach.
27. Accordingly, Abdelnaby acted within the scope of his professional and agency relationship with the 76ers and HBSE.

**Ongoing and Willful Infringement**

28. The infringing post remains publicly accessible and visible today.
29. Continued public display constitutes continuing infringement each day the image remains available.
30. Defendants have had notice of Plaintiff's rights and have failed to remove or cure the infringement.
31. Such continued conduct is willful.

**Discovery Rule**

32. Plaintiff did not discover the infringement at the time of posting.
33. Plaintiff discovered the infringing use only recently through reasonable diligence.
34. Under the discovery rule, Plaintiff's claims accrued upon discovery of the infringement, not the date of posting.
35. This action is therefore timely.

**CLAIMS FOR RELIEF**

**COUNT I – Direct Copyright Infringement (Against Abdelnaby)**

36. Plaintiff incorporates all prior paragraphs.
37. Abdelnaby publicly displayed the Photograph without authorization.

38. Such conduct violates Plaintiff's exclusive rights under 17 U.S.C. § 106(5).

### COUNT II – Vicarious Copyright Infringement (Against 76ers and HBSE)

39. Plaintiff incorporates all prior paragraphs.
40. Abdelnaby acted within the scope of his professional sports analyst role.
41. The 76ers and HBSE possessed the right and ability to supervise or control his professional media activities.
42. The 76ers and HBSE derived financial and reputational benefit from those activities.
43. The 76ers and HBSE are therefore vicariously liable.

### COUNT III – Contributory Copyright Infringement (Against 76ers and HBSE)

44. Plaintiff incorporates all prior paragraphs.
45. The 76ers and HBSE knew or should have known of the infringing display.
46. They materially contributed to or permitted the infringement by allowing continued public display tied to their branded analyst.
47. The 76ers and HBSE are contributorily liable.

### DAMAGES

48. Plaintiff has suffered damages.
49. Plaintiff elects statutory damages pursuant to 17 U.S.C. § 504(c).
50. Because the infringement is willful and ongoing, Plaintiff seeks enhanced statutory damages.
51. Plaintiff is entitled to attorneys' fees and costs under 17 U.S.C. § 505.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests:

A. Judgment for Plaintiff on all claims;
B. Statutory damages up to the maximum permitted by law;
C. Enhanced damages for willful infringement;
D. Attorneys' fees and costs;
E. Injunctive relief requiring removal of the Photograph;
F. Pre- and post-judgment interest;
G. Such other relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury.

Dated: **February 3, 2026**
New York, New York

Justin Goldman
Plaintiff Pro Se